## CIRCUIT COURT OF FAIRFAX COUNTY

Lana Swann
and Stephen Swann

v.

Bazaleel Master Builders, Inc.,
and Brian Luwis

January 6, 1998

Case No. (Law) 162294

By Judge Michael P. McWeeny

This matter came before the Court on the Plea in Bar of Defendant Bazaleel Master Builders. Both parties submitted briefs in support of their positions. On December 12, 1997, both parties presented oral arguments, and the Court took the matter under advisement. Having now reviewed the briefs and the underlying authorities, the Court grants the Plea in Bar in part.

### Facts

The Plaintiffs Lana Swann and Stephen Swann hired the Defendants Bazaleel Master Builders and Brian Luwis to build a single family home for the Swanns. A dispute arose as to the construction of the home and unpaid change order work. Pursuant to the binding arbitration clause in the contract, the parties submitted their disputes to an arbitrator. The arbitrator then issued an Arbitration Award which ordered corrective action by the Defendants. This award was then reduced to a final judgment order of this Court on August 15, 1997.

The Plaintiffs have filed suit in this Court against the Defendants for (1) Breach of Warranties, (2) Breach of Contract, (3) Negligence, and (4) Violation of the Virginia Consumer Protection Act. The Defendant Ba-

zaleel Master Builders raises this Plea in Bar arguing that the present suit is barred by the Arbitration Award.

## Res Judicata

Generally, a valid personal judgment on the merits bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies. *Bates v. Devers*, 214 Va. 667, 670-71 (1974). *Res Judicata* is a judicially created doctrine that rests upon considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties. *Id.* Thus, if the case at bar is based upon the same cause of action between the same parties, the Court must sustain the Plea in Bar under the doctrine of *Res Judicata*.

In the case at bar, the parties, pursuant to the contract, were required to arbitrate all "claims, disputes, and other matters in question between the parties to this Agreement arising out of or relating to [t]his Agreement . . . ." Article 10 of the Building Contract. As such, the parties referred the matter to an arbitrator who issued an Arbitration Award. This Arbitration Award was then confirmed by this Court in an order which provided: "[t]he said Arbitration Opinion and Award and Award Clarification shall have the full force and effect of a judgment in this Commonwealth." Therefore, the parties have a valid judgment on all of the issues that arose from the design and construction of the Swanns' home. Under the doctrine of *Res Judicata*, both parties are barred from relitigating the same cause of action, or *any part thereof which could have been litigated*. Thus, any claims in the Swanns' Motion for Judgment that was addressed or could have been addressed by the arbitrator are barred by *Res Judicata*.

For this reason, the Court sustains the Plea in Bar as to Counts I, II, and III. As to the claim in Count IV for violation of the Virginia Consumer Protection Act, the Court sustains the Plea in Bar as to any portion of the claim that arose prior to the Arbitration Award. However, to the extent a claim for violation of the Virginia Consumer Protection Act arose after the Arbitration Award, the Court overrules the Plea in Bar without prejudice.

## Conclusion

For the above-stated reasons, the Court sustains the Defendant Bazaleel Master Builders' Plea in Bar in part and overrules it in part.